30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin BURTON, Defendant-Appellant.
 No. 92-2819.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 14, 1994.*
Decided July 27, 1994.
 
 Before POSNER, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Martin Burton seeks to reverse his convictions for possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1), use of a firearm during a drug trafficking offense, 18 U.S.C. Sec. 924(c)(1), and possession of a firearm by a felon, 18 U.S.C. Sec. 922(g)(1), claiming that the evidence against him was insufficient. He also claims that a statement made after his arrest but before he was given his Miranda warnings should have been excluded from the evidence. Burton received a sentence of 147 months' imprisonment to be followed by four years of supervised release. We affirm.
 
 
 2
 At approximately 5:45 in the evening of October 14, 1991, members of the Delta team, a street drug-fighting unit of the East St. Louis, Illinois, Police Department, received a report through a police dispatcher that someone was firing a gun in front of 1908 Cleveland Avenue. The subject was reported to be a stocky black male who was wearing a green, purple, and black jacket and a black baseball cap.
 
 
 3
 According to the testimony of Lieutenant Robert Henry and Officer Curtis Hill, the team arrived at the scene within seven minutes of the radio dispatch. While the other officers drove to the front of 1908 Cleveland Avenue, Lt. Henry drove to a side street and proceeded to the rear of 1912 Cleveland Avenue, the adjacent property. There, he saw Burton, wearing a black, green and purple jacket, run around the corner of 1912 Cleveland Avenue, throw something down, take a few more steps and then throw a black shiny object back toward 1908 Cleveland Avenue. Lt. Henry testified that he had a clear view of Burton from approximately 25 yards away and that he saw the general direction in which the second object was thrown. He thought it landed in some weeds by the mesh-wire fence separating the two properties, although he was not sure exactly where it landed. Lt. Henry yelled to Burton "I see you cleaning up over there," to which Burton denied having done or thrown anything.
 
 
 4
 Soon thereafter, Officer Hill came around the corner and detained Burton while Lt. Henry investigated the area where he first saw Burton drop something. From the rear corner of 1912 Cleveland Avenue, Lt. Henry recovered a .45 caliber semi-automatic pistol and a clip containing seven rounds. He then returned to where Officer Hill and Burton were standing and directed Officer Hill to handcuff Burton and place him in Lt. Henry's vehicle. Lt. Henry then directed Officer Hill to search the weeds adjacent to the short mesh-wire fence for a black object. After looking in the weeds and trash on the 1912 side of the fence, Officer Hill looked on the 1908 side where he discovered a small film container holding what appeared to be 12 rocks of "crack" cocaine. (An analysis performed subsequent to Burton's arrest verified that the container held 10.55 grams of "crack" cocaine.) Officer Hill testified that the container was found a few feet away from the fence lying on some straw near a dog kennel.
 
 
 5
 In reviewing the sufficiency of the evidence, we must examine the evidence in the light most favorable to the government and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In doing so, we must also "defer to reasonable inferences drawn by the jury and the weight it gave to the evidence." United States v. Beverly, 913 F.2d 337, 360 (7th Cir.1990), cert. denied, 498 U.S. 1052 (1991).
 
 
 6
 Burton challenges the sufficiency of the evidence only with regard to his possession of the cocaine and the firearm. Possession is an essential element of all three of his convictions. See United States v. Durades, 929 F.2d 1160, 1168 (7th Cir.1991) (discussing the elements of 21 U.S.C. Sec. 841(a)(1)); United States v. Carson, 9 F.3d at 576, 583 (7th Cir.1993) (discussing the elements of 18 U.S.C. Sec. 924(c)(1)), petition for cert. filed (May 16, 1994); United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.) (discussing the elements of 18 U.S.C. Sec. 922(g)(1)), cert. denied, 498 U.S. 905 (1990). Although Burton was not in possession of the contraband when he was detained by Lt. Henry, Lt. Henry observed Burton twice discard objects as Burton ran toward him. Lt. Henry observed Burton first throw something down at the corner of 1912 Cleveland Avenue. The only notable objects found in the vicinity were the firearm and the clip containing ammunition. Lt. Henry then observed Burton take a few steps and throw a black shiny object toward 1908 Cleveland Avenue. Although he thought it landed in the weeds, the film container holding the cocaine was found only a few feet away. On this record, the jury was free to infer that Burton possessed both the firearm and the cocaine and we conclude that the evidence was sufficient to support Burton's convictions.
 
 
 7
 Next, Burton challenges the district court's denial of his motion to suppress his post-arrest statement--that he was too big to take the "rap" and that he had "fall guys." However, because the government did not offer into evidence Burton's statement, we need not review this claim.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record